IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Mansa M.Y. Banshi, | ) | C/A No. 6:25-cv-11917-RMG-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Micquel Cleveland, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion to proceed *in forma pauperis* filed by the plaintiff (doc. 2). The plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, seeking damages from the defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## **ALLEGATIONS**

The plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at Kershaw Correctional Institution ("Kershaw") filed this action seeking money damages from the defendant (docs. 1; 1-1; 1-2). The plaintiff alleges that the defendant improperly confiscated his religious books, which violated his due process and equal protection rights (doc. 1 at 4).

The plaintiff contends that the events giving rise to his claims occurred in September 2022 (doc. 1 at 5, 7). The plaintiff alleges that while waiting in the visiting area the defendant instructed the plaintiff to take his property to the table for inventory (*id*. at 7). The defendant reviewed the plaintiff's property and indicated that the covers had to be removed from the plaintiff's religious books because they were hardback (*id*.). The plaintiff

indicated that the Warden at Broad River allowed the plaintiff to keep the books, but the defendant indicated that the covers could be removed or the plaintiff could have someone come pick them up from Kershaw (*id*.). The plaintiff contends that a notice was posted after this incident that prisoners could not have hardback books (*id*.).

The plaintiff alleges no injuries (*id*. at 8). For relief, the plaintiff seeks money damages (*id*.). Attached to the plaintiff's complaint are documents relating to his claim (doc. 1-1).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As noted above, the plaintiff has filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (doc. 2). However, the plaintiff is subject to the "three-strikes" rule of the Prisoner Litigation Reform Act ("PLRA"), which provides:

> In **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

> may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Regardless of dismissal being with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727.

Here, the plaintiff has three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g).[1] *See Yusef v. R.J. Reynolds Tobacco Co.*, C/A No. 3:22-cv-02669-RMG, at doc. 29 (D.S.C. Feb. 2, 2023) (dismissing civil action for failure to state a claim); *Banshee v. Maynard*, C/A No. 6:02-cv-03329-MJP, at doc. 9 (D.S.C. Nov. 25, 2002) (dismissing civil action as frivolous and baseless); *Addy[2], et al., v. Diehl, et al.*, C/A No. 3:99-cv-03125-DCN, at doc. 45 (D.S.C. May 18, 2000) (granting motion to dismiss and dismissing civil action pursuant to grounds enumerated under 28 U.S.C. § 1915(g)). Accordingly, the plaintiff has received at least three dismissals which count as strikes. The three-strikes rule was enacted to bar prisoners, such as the plaintiff, from pursuing certain types of federal civil litigation without prepayment of the filing fee. As such, the plaintiff is barred from proceeding in this action *in forma pauperis* unless he has plausibly alleged that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Hall v. United States of America*, 44 F.4th 218, 227–29 (4th Cir. 2022) (noting that allegations of imminent harm based upon delayed or denied medical care can be dismissed when the allegations are "wholly conclusory and lack some basis in the record or complaint"). The imminent danger exception to § 1915(g)'s "three strikes" rule is to be narrowly construed and a plaintiff must allege imminent danger at the time the complaint was

---

[1] Of note, the plaintiff has several aliases under which he has filed cases. However, these cases (despite the name utilized by the plaintiff) are all filed by the same inmate, bearing South Carolina Department of Corrections Number 073461.

[2] This action was filed by three individuals (including the plaintiff) – and the plaintiff personally signed the pleadings.

3

filed, not that the plaintiff has faced imminent danger in the past. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished per curiam opinion). Here, the plaintiff has not alleged any imminent danger of harm. First, the plaintiff's complaint does not list any injuries (*see* doc. 1 at 8). Moreover, the plaintiff's claims – that beginning in 2022 he was not allowed to have hardback books (even though they were religious texts) – involve events that occurred well before this action was filed, meaning they cannot provide imminent danger to overcome the plaintiff's status as a three-strikes prisoner. As such, the plaintiff's allegations fail to allege that he was in imminent danger of harm at the time this action was filed; thus, the undersigned recommends that the plaintiff's motion to proceed *in forma pauperis* be denied.

## **RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's motion to proceed *in forma pauperis* (doc. 2) be **denied**. Should the United States District Judge adopt this recommendation, it is recommended that the plaintiff be provided twenty-one (21) days to pay the filing fee or the case will be dismissed.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

October 29, 2025
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).