IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mansa M.Y. Banshi<br>*also known as*<br>Mansa M Y Banshee<br>*also known as*<br>Mansa Banshee<br>*also known as*<br>Mansa Musa Banshee<br>*also known as*<br>Musa Banshee Mansa Yusef<br>*also known as*<br>Phillip Grant<br>*formerly known as*<br>Stanley Rembert Butler,<br><br>        Plaintiff,<br>  v.<br><br>Micquel Cleveland,<br><br>        Defendant. | Case No. 6:25-cv-11917-RMG<br><br><br>**ORDER** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge, recommending that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) be denied and that he be given 21 days to pay the filing fee or otherwise dismiss this action. (Dkt. No. 11). Plaintiff was given notice that he had 14 days from the date of the R&R to file any objection, which, with three additional days for mailing, required the filing of objections on or before November 17, 2025. *Id*. at 5. The Court has received no objection. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion to proceed *in forma pauperis*.

1

I. **Background**

Plaintiff, an incarcerated person proceeding *pro se*, brings this action under 42 U.S.C. § 1983, claiming that Defendant denied him due process and equal protection under the law. *Id*. at 4. The Complaint alleges that on or about September 13, 2022, Plaintiff was sitting in the visiting area of Broad River Correctional Institution in Columbia, South Carolina, when Defendant instructed Plaintiff to "bring [his] property" for inspection. *Id*. at 7. Among Plaintiff's property were "Religious Books." *Id*. Defendant indicated that the covers would have to be removed from the books because inmates were prohibited from possessing hardcover books. *Id*. Plaintiff explained to Defendant that the warden of Broad River permitted Plaintiff to possess the books as-is. *Id*. Defendant informed Plaintiff that if he did not want to remove the hardcover from his books, he "could have someone pick them up." *Id*. Plaintiff claims that before the incident, there were no notices in the facility indicating that "inmates were not allowed any hardback books in their possession." *Id*. Plaintiff does not allege an injury. *Id*. at 8. For relief, Plaintiff seeks compensatory and punitive damages, as well as any other relief the Court deems appropriate. *Id*.

II. **Legal Standard**

   A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead

must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. Discussion

The Magistrate Judge found that Plaintiff had filed at least three cases which were dismissed under grounds that qualified as a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1] (Dkt. No. 11, at 3). Therefore, the Magistrate Judge concluded that Plaintiff could not proceed *in forma pauperis* unless he satisfied the exception for "imminent danger of serious physical injury" provided by the "three-strikes" rule. *Id*.

---

[1] 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As to whether Plaintiff satisfied the exception, the Magistrate Judge determined that Plaintiff failed to show "imminent danger of serious physical injury." *Id*. at 4. *See also* § 1915(g). The Magistrate Judge specifically found that the Complaint did not list any injuries to Plaintiff and referenced only conduct that occurred before this action was filed. (Dkt. No. 11, at 4).

The Court finds that the Magistrate Judge thoroughly summarized the relevant factual and legal issues and correctly concluded that Plaintiff's motion to proceed *in forma pauperis* should be denied.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 11) as the Order of the Court and **DENIES** Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 2). Plaintiff is **DIRECTED** that he may pay the filing fee within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

                                                          s/ Richard Mark Gergel
                                                      Richard Mark Gergel
                                                      United States District Judge

November 19, 2025
Charleston, South Carolina